**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4073**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

DELEON HARATIO HOLMES,

> Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:04-cr-00811-TLW)

Submitted:  July 23, 2008          Decided:  August 12, 2008

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thurmond Brooker, BROOKER LAW FIRM, Florence, South Carolina, for Appellant.  Kevin F. McDonald, Acting United States Attorney, Rose Mary Parham, Carrie A. Fisher, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Deleon Haratio Holmes pled guilty to conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2000) (Count One), attempted robbery affecting interstate commerce, in violation of 18 U.S.C. §§ 1951(a), 2 (2000) (Count Two), and using and carrying a firearm during and in relation to drug trafficking crimes and a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1)(A) (West 2000 & Supp. 2008) and 18 U.S.C. § 2 (Count Three). The district court sentenced him to 348 months in prison. Holmes appeals, claiming the district court abused its discretion by denying his motion to withdraw his guilty plea. Finding no abuse of discretion, we affirm.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea, even before sentencing. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Rather, the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. Id. In deciding whether to permit a defendant to withdraw his guilty plea, the district court considers:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether the defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether withdrawal

- 2 -

will inconvenience the court and waste judicial resources.

Id.

Holmes received an adequate Fed. R. Crim. P. 11 hearing, which creates a strong presumption that his guilty plea was final and binding. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). Holmes argues, however, that his guilty plea was not knowing and voluntary because the Government told him that he would not be prosecuted on Counts Two and Three and his first attorney assured him, even after he pled guilty to all three counts, that the Government would not pursue Counts Two and Three. We find that Holmes failed to offer "credible evidence that his plea was not knowing or otherwise involuntary," Ubakanma, 215 F.3d at 424, and that his allegations are belied by his statements at the plea hearing. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (finding that statements made during plea hearing "carry a strong presumption of verity"). Accordingly, we conclude that the district court did not abuse its discretion by determining that Holmes failed to present a fair and just reason to withdraw his guilty plea.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED